IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 4:12CR252 |
| | § | Judge Crone |
| ARMANDO IBARRA (5) | § | |
| a/k/a Fat Boy | § | |
| JULIO CESAR MALDONADO-GONZALEZ (6) | § | |
| a/k/a Burqueti | § | |
| ANTONIO NAVAREZ REYES (7) | § | |
| a/k/a Tonio | § | |
| JORGE LUIS RAMIREZ (8) | § | |

## PROPOSED JURY INSTRUCTIONS

Members of the Jury:

Now that you have heard all the evidence in the case, it becomes my duty to give you the instructions of the Court as to the law applicable to this case.

In any jury trial there are, in effect, two judges.   I am one of the judges; the other is the jury.   It is my duty to preside over the trial and to determine what testimony and evidence is proper for your consideration.   It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case; for example, instructions about burden of proof and how to judge the believability of witnesses.   Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

## DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

The superseding indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The defendant begins with a clean slate. The law does not require a defendant to prove his innocence or produce any evidence at all [and no inference whatever may be drawn from the election of a defendant not to testify].

The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant. While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the

government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.

## DEFENDANTS' TESTIMONY

The defendants have an absolute right not to testify.   The fact that the defendants do not testify should not be considered by you in any way or even discussed in your deliberations.   I remind you that it is up to the Government to prove the defendants' guilt beyond a reasonable doubt.   It is not up to the defendants to prove that he is not guilty.

## EVIDENCE—EXCLUDING WHAT IS NOT EVIDENCE

As I told you earlier, it is your duty to determine the facts. To do so, you must consider only the evidence presented during the trial. Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits. The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is

your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

## EVIDENCE—INFERENCES—DIRECT AND CIRCUMSTANTIAL

While you should consider only the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.   In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

In considering the evidence, you should not be concerned about whether the evidence is direct or circumstantial.   "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness.   "Circumstantial evidence" is proof of a chain of facts and circumstances indicating either the guilt or innocence of the defendant.   The law makes no distinction between the weight to be given to either direct or circumstantial evidence.

## CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt.   In doing so, you may consider all of the evidence.   This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight, if any, to be given to the witness's testimony.   An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe what each person had to say, and how important that testimony was.   In making that decision I suggest that you ask yourself a few questions:   Did the person impress you as honest?   Did the witness have any particular reason not to tell the truth?   Did the witness have a personal interest in the outcome of the case?   Did the witness have any relationship with either the government or the defense?   Did the witness seem to have a good memory?   Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?

Did the witness's testimony differ from the testimony of other witnesses?   These are a few of the considerations that will help you determine the accuracy of what each witness said.

The testimony of the defendant should be weighed and his credibility evaluated in the same way as that of any other witness.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say.   In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other.   Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.

## IMPEACHMENT BY PRIOR CONVICTION

You have been told that a witness was convicted of a crime. A conviction is a factor you may consider in deciding whether to believe that witness, but it does not necessarily destroy the witness's credibility.   It has been brought to your attention only because you may wish to consider it when you decide whether you believe the witness's testimony. It is not evidence of anything else.

## ACCOMPLICE--INFORMER--IMMUNITY

The testimony of an alleged accomplice, and the testimony of one who provides evidence against a defendant as an informer for pay or for immunity from punishment or for personal advantage or vindication, must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses. You, the jury,

must decide whether the witness's testimony has been affected by any of those circumstances, or by the witness's interest in the outcome of the case, or by prejudice against the defendant, or by the benefits that the witness has received either financially or as a result of being immunized from prosecution. You should keep in mind that such testimony is always to be received with caution and weighed with great care.   You should never convict any defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.

### ACCOMPLICE-CO-DEFENDANT-PLEA AGREEMENT

In this case the government called as one of its witnesses an alleged accomplice, named as a co-defendant in the Superseding Indictment, with whom the government has entered into a plea agreement providing for the dismissal of some charges and a lesser sentence than the co-defendant would otherwise be exposed to for the offense to which the co-defendant plead guilty.   Such plea bargaining, as it is called, has been approved as lawful and proper, and is expressly provided for in the rules of this court.

An alleged accomplice, including one who has entered into a plea agreement with the government, is not prohibited from testifying.   On the contrary, the testimony of such a witness may alone be of sufficient weight to sustain a verdict of guilty.   You should keep in mind that such testimony is always to be received with caution and weighed with great care.   You should never convict a defendant upon the unsupported testimony of an alleged accomplice unless you believe that testimony beyond a

reasonable doubt.    The fact that an accomplice has entered a plea of guilty to the offense charged is not evidence of the guilt of any other person.

## ON OR ABOUT

You will note that the Superseding Indictment charges that the offense was committed "on or about" a specified date.    The government does not have to prove that the crime was committed on the exact date alleged in the Superseding Indictment, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near the date stated in the Superseding Indictment.

## CAUTION—CONSIDER ONLY CRIME CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged.    The defendant is not on trial for any act, conduct, or offense not alleged in the Superseding Indictment.    Neither are you concerned with the guilt of any other person or persons not on trial as the defendant in this case.

## CAUTION—PUNISHMENT

If the defendant is found guilty, it will be my duty to decide what the punishment will be.    You should not be concerned with punishment in any way.    It should not enter your consideration or discussion.

## POSSESSION

Possession, as that term is used in this case, may be of two kinds:   actual possession and constructive possession.   A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it.

A person who, although not in actual possession, knowingly has both the power and the intention, at a given time, to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.

Possession may be sole or joint.   If one person alone has actual or constructive possession of a thing, possession is sole.   If two or more persons share actual or constructive possession of a thing, possession is joint.

You may find that the element of possession, as that term is used in these instructions, is present if you find beyond a reasonable doubt that the defendant had either actual or constructive possession, either alone or jointly with others.

## "KNOWINGLY"—TO ACT

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

### Superseding Indictment - COUNT ONE

Count One of the Superseding Indictment charges that the defendants did knowingly and intentionally conspire, combine, confederate and agree together and with each other, and with others known and unknown to the Grand Jury, to knowingly and

intentionally distribute and possess with intent to distribute more than 500 grams of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846.

In order to establish the offense prohibited by Count One of the Superseding Indictment, there are four essential elements which the government must prove beyond a reasonable doubt:

1.      That two or more persons, directly or indirectly, reached an agreement to distribute or possess with the intent to distribute or dispense methamphetamine, as charged in the Superseding Indictment;

2.      That the defendant knew of the unlawful purpose of the agreement;

3.      That the defendant joined in the agreement willfully; that is, with the intent to further its unlawful purpose; and

4.      That the overall scope of the conspiracy involved a quantity of a mixture or substance containing a detectable amount of methamphetamine, as provided in the "Verdict of the Jury" form.

The word "knowingly," as that term has been used from time to time in these instructions, means that an act was done voluntarily and intentionally, and not because of mistake or accident.

You may find that the defendant has knowledge of a fact if you find that the defendant deliberately closed their eyes to what would otherwise have been obvious to them.   While knowledge on the part of the defendant cannot be established merely by

**Jury Instructions - Page 10**

demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded himself to the existence of a fact.

The word "willfully," as that term has been used from time to time in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law.

"Possession," as that term is used in this case, may be of two kinds:  actual possession and constructive possession.  A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it.

A person who, although not in actual possession, knowingly has both the power and the intention, at a given time, to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.

Possession may be sole or joint.  If one person alone has actual or constructive possession of a thing, possession is sole.  If two or more persons share actual or constructive possession of a thing, possession is joint.

You may find that the element of possession, as that term is used in these instructions, is present if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others.

To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose.   It is kind of "partnership in crime" in which each member becomes the agent of every other member.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators.   If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme alleged in the Superseding Indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of the event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy.   Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

**Jury Instructions - Page 12**

A conspirator is responsible for acts committed by other conspirators if the conspirator was a member of the conspiracy when the act was committed and if the act was committed in furtherance of the conspiracy.

Therefore, if you have first found a defendant guilty of the conspiracy charged in Count One of the Superseding Indictment and if you find beyond a reasonable doubt that during the time the defendant was a member of that conspiracy, another conspirator committed acts in furtherance of or as a foreseeable consequence of that conspiracy, then you may find the defendant responsible for said acts, even though the defendant may not have personally participated in the acts.

### Superseding Indictment - COUNT FIVE

Count Five of the Superseding Indictment charges that Antonio Navarez Reyes a/k/a Tonio, aided and abetted by others, did knowingly possess a Colt .44 revolver in furtherance of a drug trafficking crime for which the defendant may be prosecuted in a Court of the United States, to wit:  the conspiracy to knowingly and intentionally distribute and possess with intent to distribute more than 500 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance as charged in Count One of the Superseding Indictment, in violation of 18 U.S.C. §§ 924(c).

In order to establish the offenses prohibited by Count Five of the Superseding Indictment, there are two essential elements which the government must prove beyond a reasonable doubt.

Title 18, United States Code, Section 924(c)(1), makes it a crime for anyone to possess a firearm in furtherance of a drug trafficking crime.

For you to find the defendant guilty of this crime, you must be convinced that the government has proven each of the following beyond a reasonable doubt:

1.      That the defendant committed the crime alleged in Count One.   I instruct you that conspiracy to distribute and possess with intent to distribute methamphetamine is a drug trafficking crime; and

2.      That the defendant knowingly possessed a firearm in furtherance of the defendant's alleged commission of the crime charged in Count One.

To prove the defendant possessed a firearm "in furtherance," the government must prove that the defendant possessed a firearm that furthers, advances or helps forward the drug trafficking crime.

"In relation to" means that the firearm must have some purpose, role, or effect with respect to the drug trafficking crime.

## OTHER ACTS OF DEFENDANTS

You have heard testimony that the defendants committed crimes other than the one charged in the Superseding Indictment.   If you find that the defendant did those crimes, you can consider the evidence only as it relates to the government's claim on the defendant's intent, motive, opportunity, preparation, plan, knowledge, identity, absence of mistake, or absence of accident.   You must not consider it for any other purpose.

Remember that the defendants are on trial here only for the crime charged in the Superseding Indictment.   Do not return a guilty verdict unless the government proves the crime charged in the Superseding Indictment beyond a reasonable doubt.

## DUTY TO DELIBERATE—VERDICT FORM

To reach a verdict, whether it is guilty or not guilty, all of you must agree.   Your verdict must be unanimous on the sole count of the Superseding Indictment.   Your deliberations will be secret.   You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so.   Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.   During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong.   But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts.   Your sole interest is to seek the truth from the evidence in the case, to decide whether the government has proven the defendant guilty beyond a reasonable doubt.

Any notes that you have taken during this trial are only aids to memory.   If your memory should differ from your notes, then you should rely on your memory and not on the notes.   The notes are not evidence.   A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced

by the notes of other jurors.  Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

When you go to the jury room, the first thing that you should do is select one of your members as your presiding juror, who will help to guide your deliberations and will speak for you here in the courtroom.  A verdict form has been prepared for your convenience.

The presiding juror will write the unanimous answer of the jury in the space provided, either guilty or not guilty.  At the conclusion of your deliberations, the presiding juror should date and sign the verdict form.

If you need to communicate with me during your deliberations, the presiding juror should write the message and give it to the marshal.  I will either reply in writing or bring you back into the courtroom to respond to your inquiry.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict.

Respectfully submitted,

JOHN M. BALES
UNITED STATES ATTORNEY

_____/s/_____
G. R. JACKSON
Assistant United States Attorney
101 East Park Blvd., Suite 500
Plano, Texas 75074
(972) 509-1201

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify a true and correct copy of the foregoing motion was served by electronic filing by CM/ECF to defense counsel on this 30th day of July, 2014.


_____/s/_____
G. R. JACKSON

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 4:12CR252 |
| | § | Judge Crone |
| ARMANDO IBARRA (5) | § | |
| a/k/a Fat Boy | § | |
| JULIO CESAR MALDONADO-GONZALEZ (6) | § | |
| a/k/a Burqueti | § | |
| ANTONIO NAVAREZ REYES (7) | § | |
| a/k/a Tonio | § | |
| JORGE LUIS RAMIREZ (8) | § | |

## VERDICT OF THE JURY

We, the jury, find as to the offense charged in Count One of the Superseding Indictment, the Defendant,

ARMANDO IBARRA    _____    _____
                               (Guilty)                        (Not Guilty)

If you have found the Defendant guilty of Count One of the Superseding Indictment, then you must determine the amount of each type of drug applicable to the overall scope of the conspiracy.

We, the jury find that the overall scope of the conspiracy involved the following amounts of drugs:

Methamphetamine (check only one box)

_____ 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine

_____ 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine

_____ Less than 50 grams of a mixture or substance containing a detectable amount of methamphetamine

We, the jury, find as to the offense charged in Count One of the Superseding Indictment, the Defendant,

JULIO CESAR MALDONADO-GONZALEZ   _____   _____
                                                        (Guilty)                  (Not Guilty)

If you have found the Defendant guilty of Count One of the Superseding Indictment, then you must determine the amount of each type of drug applicable to the overall scope of the conspiracy.

We, the jury find that the overall scope of the conspiracy involved the following amounts of drugs:

Methamphetamine (check only one box)

_____ 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine

_____ 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine

_____ Less than 50 grams of a mixture or substance containing a detectable amount of methamphetamine

We, the jury, find as to the offense charged in Count One of the Superseding Indictment, the Defendant,

ANTONIO NAVAREZ REYES   _____   _____
                                                    (Guilty)                          (Not Guilty)

If you have found the Defendant guilty of Count One of the Superseding Indictment, then you must determine the amount of each type of drug applicable to the overall scope of the conspiracy.

We, the jury find that the overall scope of the conspiracy involved the following amounts of drugs:

Methamphetamine (check only one box)

\_\_\_\_\_ 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine

\_\_\_\_\_ 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine

\_\_\_\_\_ Less than 50 grams of a mixture or substance containing a detectable amount of methamphetamine

\_\_\_\_\_ No amount of a mixture or substance containing a detectable amount

We, the jury, find as to the offense charged in Count Five of the Superseding Indictment, the Defendant,

ANTONIO NAVAREZ REYES   _____   _____
                                                    (Guilty)                          (Not Guilty)

We, the jury, find as to the offense charged in Count One of the Superseding Indictment, the Defendant,

JORGE LUIS RAMIREZ   _____      _____
                              (Guilty)                    (Not Guilty)

If you have found the Defendant guilty of Count One of the Superseding Indictment, then you must determine the amount of each type of drug applicable to the overall scope of the conspiracy.

We, the jury find that the overall scope of the conspiracy involved the following amounts of drugs:

Methamphetamine (check only one box)

_____ 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine

_____ 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine

_____ Less than 50 grams of a mixture or substance containing a detectable amount of methamphetamine


_____
Presiding Juror


Dated:   _____